UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN MARSHALL,<br><br>    Plaintiff,<br><br>    v.<br><br>RIO GRANDE RIVER LIMITED PARTNERSHIP,<br>a Massachusetts Limited Partnership,<br><br>    Defendant. | CIVIL ACTION<br>No. 13-11189-WGY |

YOUNG, D.J.                                                 February 18, 2016

**MEMORANDUM & ORDER**

**I. INTRODUCTION**

John Marshall ("Marshall") brought this suit against Rio Grande River Limited Partnership ("Rio Grande") alleging that Rio Grande's property at 2343 Washington Street, Boston, Massachusetts (the "Property") had architectural barriers that prevented Marshall from entering it, see Compl. 1-2, ECF No. 1, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213. Virtually on the eve of trial Marshall and Rio Grande agreed to settle. See Settlement Order Dismissal, ECF No. 91. Thereafter, Rio Grande tried to back out of the agreement, but this Court denied its motion to do so, see Decree Enforcing Settlement ("Decree") 1, ECF No. 100, and entered Final Judgment in favor of Marshall, Final J.

[1]

1, ECF No. 104. Marshall requested attorneys' fees and expenses. See Pl.'s Mot. Att'ys' Fees Related Expenses ("Pl.'s Fees Mot."), ECF No. 108; Pl.'s Mem. Supp. Mot. Att'ys Fees and Related Expenses ("Pl.'s Mem. Supp."), ECF No. 112. Rio Grande opposed his request. See Substitute Def.'s Opp. Pl.'s Mot. Att'ys' Fees Related Expenses ("Def.'s Opp'n"), ECF No. 116.

Marshall asks for a total of $150,685.00 in attorneys' fees and $8,853.80 in costs and expenses, Pl.'s Reply Mem. Supp. Mot. Att'ys Fees and Related Expenses ("Pl.'s Reply") 1, ECF No. 121. Rio Grande claims the number of hours billed is excessive, and the hourly rates are unreasonable. Def.'s Opp'n 1.

### A. Factual Background

Marshall, moving for fees and costs, and Rio Grande, opposing his request, each have asserted certain foundational facts relevant to Marshall's motion that are effectively undisputed. The Court briefly recounts them before delving into its analysis.

Marshall's complaint alleged that the Property, which consists of two banks, has architectural barriers -- steps without a ramp or lift -- that prevent Marshall, a partial amputee in a wheelchair, from accessing it, in violation of the ADA. Compl. ¶ 11; see 42 U.S.C. § 12182 (stating that a person who operates a place of public accommodation cannot discriminate against individuals on the basis of disability).

[2]

Marshall is represented by Louis Mussman ("Mussman") of Ku & Mussman, P.A.,[1] and Ashley Forest ("Forest"), who serves as local counsel for Marshall. Compl. 5.

Marshall hired an expert to evaluate the Property. Pl.'s Mem. Supp. 4. Nicholas Heybeck ("Heybeck") traveled from Houston, Texas to the Property to prepare a report. Id. Heybeck also evaluated Rio Grande's expert report and assisted in Marshall's settlement attempts. Id. In addition, Heybeck prepared for and completed "a deposition by written questions." Id.

Rio Grande plans on redeveloping the Property into a mixed-use commercial building. Def.'s Opp'n 5. The Property currently consists of one building that is listed in the National Register of Historic Places. See Opp'n Mot. Att'ys Fees and Related Expenses, Ex. 3, Re: Dudley Station Historic District, Roxbury, Massachusetts, ECF No. 115-3. Rio Grande plans to renovate the property by adding an additional building and an underground parking lot. Opp'n Mot. Att'ys Fees and Related Expenses, Ex. 23, Aff. Kenneth Guscott 2, ECF No. 115-23. The additional building would meet the accessibility

---

[1] Mussman's office is based in Tampa, Florida. Compl. 5. Mussman appears pro hac vice in this matter. See Pl.'s Mot. Admit Counsel Pro Hac Vice 1, ECF No. 31.

[3]

requirements of the ADA, as well as make the original building accessible. Def.'s Opp'n 2.

### B. Procedural History

At the initial case management scheduling conference on December 11, 2013, the Court placed this case on the December 2014 running trial list. Am. Joint Proposed Case Management Schedule 1-2, ECF No. 20. The case was continued and placed on the March 2015 running trial list following an error. Elec. Notice Rescheduling, ECF No. 38. On February 25, 2015, the parties reported the case settled but for the determination of attorneys' fees. Settlement Order Dismissal, ECF No. 91. The Court entered a decree in accordance with the settlement. Decree 1. The Decree required, among other things, that Rio Grande complete its redevelopment of the Property as it had planned, which included making the Property and the additional building compliant with the accessibility requirements of the ADA. Id. at 2-3.

### C. Marshall's Request

Marshall has provided an itemized bill of the hours worked by Mussman, Forest, and two paralegals, T. Rose ("Rose") and R. Sarmiento ("Sarmiento") on this matter. Pl.'s Mem. Supp., Ex. 3, Marshall v. Rio Grande River Itemized Billing ("Itemized Attorney Billing"), ECF No. 112-3. The itemized billing has several discounts, including reduced hours for discussions and

[4]

review of co-counsel and non-productive travel time.  See id. It also includes an estimated time entered for anticipated future hours billed.  Id.  Marshall provided an updated document with a final cost for Mussman's services, while the other costs remained the same.  Pl.'s Reply 10.  The bill stretches over three years, and the total for the four lawyers comes to $150,685.00.[2]  Id.

Heybeck is Marshall's expert for this case, and has submitted his bill, which Marshall seeks to recover in his costs.  Pl.'s Mem. Supp., Ex. 2, Itemization of 42 U.S.C § 12205 Costs ("Itemized Costs") 1, ECF No. 112-2.  Heybeck's billable hours, at his proffered rates, total $5,660.00.  See id. at 28-29.[3]

Marshall asks for $8,853.80 total in costs.  $5,660.00 of those costs are the expert fees mentioned above; the remaining $3,193.80 comes from various other costs.  See id. at 1.[4]

---

[2] Mussman logs 366.0 hours at an hourly rate of $375.00, equaling $137,250.00.  Pl.'s Reply 10.   Forest logs 32.3 hours at an hourly rate of $350.00, coming to $11,305.00.  Id.  Rose did 3.8 hours of work billed at $100 an hour, coming to $380.00. Id.  Sarmiento did 17.5 hours of work billed at $100 an hour as well, for a bill of $1,750.00.  Id.

[3] Heybeck claims 14.3 hours of "evaluation and written work" billed at $200.00 an hour, 12 hours of travel billed at $150.00 an hour, and two hours of deposition work billed at $250.00 an hour.  Itemized Costs 28-29.

[4] Marshall asks for reimbursement for several itemized expenses: $1,782.14 in travel and hotel costs that Mussman

[5]

## II.  ANALYSIS

Rio Grande advances two substantive arguments opposing Marshall's request for attorneys' fees and costs.  First, it argues that Marshall is not a prevailing party, and is thus entitled to nothing.  See Def.'s Opp'n 10-12.  Second, in the alternative, Rio Grande claims that Marshall's requested fees and costs are unreasonable, both because Marshall's proffered rates are too high, and because the amount of hours claimed is excessive.  See id. at 12-21.  The Court holds that Rio Grande's first argument lacks merit, and, while substantially rejecting its second argument, too, does reduce in part Marshall's requested amounts.

### A.  Prevailing Party

Rio Grande argues that the Decree is ambiguous as to whether Marshall is the prevailing party, and thus the Court should refuse to award fees.  See id. at 10-11.  Rio Grande relies on language in the Decree that states, "this Decree shall not be construed as an admission by [Rio Grande] of any violation of federal laws or local statutes (including the ADA),

---

accumulated traveling between Massachusetts and Florida, and $29.13 for a car rental.  Itemized Costs 1.  Marshall also asks for $463.50 in airfare and hotel costs for Heybeck and $56.90 for Heybeck's car rental; $38.80 in transcript fees for a May 28, 2015 hearing; $49.00 in "electronic research," described as "Outlook message batch conversion (prepare fee brief exhibit)[;]" and $774.33 in costs pursuant to 28 U.S.C. § 1920, for the cost of services from the Court.  Itemized Costs 1.

[6]

and state or municipal fire safety or building code, or any other wrongdoing or liability whatsoever." Decree 4. Rio Grande argues that, since the Court made no finding that Rio Grande had violated the ADA or any other statute, the Decree simply maintains the "status quo." Def.'s Opp'n 11.

Rio Grande is wrong: Marshall is the prevailing party. The Decree here orders Rio Grande to remove barriers from the Property to the "full satisfaction of [Rio Grande's] obligations under law[.]". Decree 2. The Decree reads: "The Court having reviewed the facts and being otherwise fully advised, it is hereby ORDERED AND ADJUDGED that the following relief is entered in the Plaintiff's favor." Id. at 1. That Rio Grande did not admit liability is of no import: the key is that Marshall obtained a legally enforceable right against Rio Grande. See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 604 (2001) ("[S]ettlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees. Although a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered change in the legal relationship between the plaintiff and the defendant.") (internal citations omitted); Aronov v. Napolitano, 562 F.3d 84, 89 (1st Cir. 2009) (citing Buckhannon, 532 U.S. at 604).

B.  **Reasonableness of Marshall's Request**

Rio Grande also challenges nearly every aspect of Marshall's request for specific fees and costs. The Court discusses these objections in turn.

### 1. Fees

The Court may award the prevailing party in a civil rights case reasonable attorneys' fees, which include litigation expenses. 42 U.S.C. § 12205; see also Fed. R. Civ. P. 54(d)(2) (describing the process for obtaining attorneys' fees). Typically, a reasonable fee is calculated by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate, producing the so-called lodestar amount. Hensley, 461 U.S. at 433. The party seeking fees must submit evidence in support of the hours worked and rates claimed; if the documentation is inadequate, the award may be reduced. Id. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in a private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434. The lodestar represents a presumptively reasonable fee, but may be adjusted upward or downward depending on the circumstances. Lipsett v. Blanco, 975 F. 2d 934, 937 (1st Cir. 1992); see Ins. Recovery Group, Inc. v. Connolly, 95 F.Supp.3d 73, 79 (D. Mass. 2015) (internal citation omitted), appeal dismissed (May 14, 2015).

The Court may also disallow time spent in litigating failed claims from the fee award. <u>Torres-Rivera</u> v. <u>O'Neill-Cancel</u>, 524 F. 3d 331, 336 (1st Cir. 2008) (citing <u>Lipsett</u>, 975 F. 2d at 940-41).

Rio Grande's main contention is that the fees Marshall seeks are excessive because the case was straightforward and short-lived, and because of what it deems Marshall's unfair conduct during the suit. Def.'s Opp'n 9. Rio Grande argues that this is a simple ADA suit, as evidenced by Marshall's "cookie-cutter" complaint. <u>Id.</u> at 12. It contends that there were no complex issues in this litigation, and that Mussman billed for unnecessary research, or that the research could have been done by an associate or paralegal at a lower rate. <u>Id.</u> at 12-13. Rio Grande claims some of Mussman's travel is unnecessary and could have been performed by Marshall's local counsel, Forest. <u>Id.</u> at 13.

Marshall directly opposes Rio Grande's assertion that this was a simple ADA case. Marshall points to Rio Grande's unusual defense: that a portion of the Property is a registered historical landmark that cannot be easily altered. Pl.'s Reply 2 n.2. The Court will analyze the reasonableness of the requested fees by first looking at the number of hours spent, and then by considering the proposed hourly rates.

    **a.**   **Number of hours**

[9]

Rio Grande argues that time Marshall's attorneys accrued litigating unsuccessful motions should be deducted from their total hours. Rio Grande cites Rolland v. Cellucci, 151 F. Supp. 2d 145 (D. Mass. 2001) (Neiman, M.J.), in support of its assertion that attorneys' fees for unsuccessful motions should not be awarded, but the citation is mishandled.[5] In fact, a court may award compensation for litigating an unsuccessful claim if it is related to a successful claim, meaning they share a "common core of facts" or are "based on related legal theories[.]" Lipsett, 975 F. 2d at 940. (internal citations omitted).

Rio Grande argues that Marshall should not recover 8.5 billable hours incurred preparing and arguing an unsuccessful motion to compel and approximately 117.4 hours spent in connection with an unsuccessful Motion for Summary Judgment. See Def.'s Opp'n 15-16. These two types of motions are typical of civil trials, and are very much related to the "common core of facts" of the single claim in this case. Considering both the facts of this case and its ultimate failure to meet the summary judgment standard, however, the Court finds the amount

---

[5] The uncompensated motion in Rolland was an enforcement motion from a provision in a settlement agreement. Rolland, 151 F. Supp. 2d at 154. The court found that the enforcement motion was akin to a new action, rather than a typical motion, id., and as such the unsuccessful motion in Rolland was not compensated, id. at 154-55. That is not the case here.

of time spent on Marshall's Motion for Summary Judgment unreasonably high, and accordingly reduces it by half. Cf. Dixon v. International Broth. Of Police Officers, 434 F. Supp. 2d 73, 81-82 (D. Mass. 2006) (reducing amount of hours claimed for work on a motion for summary judgment).

The vast majority of the hours are work done by Mussman. See Itemized Attorney Billing at 6-9 (detailing time Mussman, Forest, and Sarmiento spent on Motion for Summary Judgment). The Court thus reduces Mussman's total hours by 48.9 to a new total of 317.1; Sarmiento's by 3.0 to 14.5; and Forest's by 6.9 to 25.4.

### b. Hourly Rate

Rio Grande contests the hourly rates of both Mussman and Forest, claiming their rates are excessive. Def.'s Opp'n 16. Rio Grande also asserts that several of the tasks performed by Mussman could have been performed by an associate or paralegal at a reduced rate. Id. at 13. For the reasons below, this Court agrees in part with Rio Grande's argument that the proposed rates are too high, and awards an hourly rate of $300.00 to both Mussman and Forest.

Even after calculating the presumptively reasonable lodestar, a court "may reduce an attorney's hourly rate based on the type of work that attorney performed during the litigation." Bogan v. City of Boston, 489 F. 3d 417, 429 (1st Cir. 2007). In

[11]

doing so, courts should consider the "'prevailing market rates in the community.'"  Andrade v. Jamestown Housing Authority, 82 F. 3d 1179, 1190 (1st Cir. 1996) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

Given the type of litigation in this case, and both Mussman's and Forest's experience in litigating ADA cases, the Court awards each of them $300.00 per hour for their work. While Mussman and Forest both performed admirably, their requested rates of $375.00 per hour and $350.00 per hour are unreasonably high.  This case was straightforward.  Rio Grande had a unique defense to the ADA's requirements, but the Property was going to be altered even without Marshall's action, and the case stopped short of a trial, thus the reduction is warranted. Contrast Norkunas v. HPT Cambridge, L.L.C., 969 F. Supp. 2d 184, 198 (D. Mass. 2013) ("Individual factors in this case, such as having a trial and arguments over a complex standing issue, leads this Court to conclude that $350 per hour is a reasonable rate of compensation[.]").

Given the adjusted amount of hours, this brings the total for Mussman to $95,130.00 and the total for Forest down to $7,620.00.

The hourly rate for both paralegals, Rose and Sarmiento, will remain at $100.00 per hour.  The initial lodestar is adjusted to $104,580.00.

### 2. Costs

The parties dispute the amount of both expert and non-expert costs. The Court discusses each in turn.

#### a. Expert costs

Expert costs are typically included in costs that can be collected by a prevailing party. See 42 U.S.C. § 12205; Norkunas, 969 F. Supp. 2d at 200 ("Where expert witness fees are deemed reasonable litigation expenses, they may be reimbursed.") Marshall has requested reimbursement for Heybeck's costs, totaling $5,660.00. Itemized Costs 2. Heybeck submitted an itemized bill for the services he provided for Marshall. Id. at 1-2. This includes traveling, reviewing the case with Mussman, research, creating a report, and preparing written deposition answers. Id. All of Heybeck's hours are well-documented and specific. While Heybeck did not actually testify (as there was no trial), he did provide critical analysis of the Property and assistance to Marshall. The Court thus awards Heybeck's expert fee in full, $5,660.00.

#### b. Other Costs

Marshall has requested several other non-expert-related costs to be paid by Rio Grande. Excluding Heybeck's expert fee, Marshall requests $3,193.80 in costs.

Going over these costs, the Court has determined that an award of $3,058.77 is appropriate. The following have been

deducted from Marshall's proffered amount as they constitute the overhead of running a business: car rentals, both Mussman and Heybeck ($86.03), and electronic research ($49.00).[6] Marshall can be reimbursed for the remainder of his fees, mostly consisting of travel costs and court fees. See Itemized Costs 1. The total amount of fees, not including Heybeck's expert fee, is $3,058.77.

### III. CONCLUSION

For the foregoing reasons, this Court awards Marshall attorneys' fees in the amount of $104,580.00, and other costs in the amount of $8,718.77.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[6] Car rentals are not reimbursable because attorneys should prefer taxis; taxis are considered a non-reimbursable cost and are cheaper than rental cars. Norkunas, 969 F. Supp. 2d at 200 n.8. Computer research is also considered part of overhead costs. Rolland, 151 F. Supp. 2d at 145.